## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

```
DARRIN W. HUBBARD,                   )
                                     )
                Plaintiff,           )
                                     )
        v.                           )        No. CIV-06-356-S
                                     )
LIBERTY MUTUAL FIRE INSURANCE        )
COMPANY, CATHY DOREEN LAMBERT,       )
and NEW PRIME, INC.,                 )
                                     )
                Defendants.          )
```

## OPINION AND ORDER

Before the court for its consideration is the Defendant Liberty Mutual Fire Insurance Company's Motion for Summary Judgment.

This case stems from an accident which occurred on U.S. Highway 75 near Calvin, Oklahoma on July 28, 2006. Plaintiff claims he sustained personal injuries as a result of that accident and defendants are responsible for his injuries. At the time of the accident, New Prime, Inc. was insured through a liability insurance policy issued by Liberty Mutual Fire Insurance Company.

### STANDARDS OF SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ( C). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

1

The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendant's motion.

**FINDINGS OF FACT**

Plaintiff was involved in an automobile accident with defendant Lambert on or about July 28, 2006. The accident involved a tractor-trailer being operated by defendant Lambert and plaintiff's automobile. Defendant Lambert is an employee of defendant New Prime, Inc. New Prime, Inc. is a Missouri corporation with its principal place of business in Springfield, Missouri. New Prime, Inc. operates as an interstate contract motor carrier registered with the Interstate Commerce Commission. New Prime, Inc. operates under Interstate Commerce Commission number MC 140665. This registration authorized New Prime, Inc. to operate in multiple states, including Oklahoma. New Prime, Inc. does not operate its motor carrier operations pursuant to an Oklahoma Motor Carrier License. At the time of the accident, New Prime, Inc. was insured by a policy of insurance issued by Liberty Mutual Fire Insurance Company.

**ARGUMENTS AND AUTHORITIES**

Plaintiff's cause of action is based upon diversity jurisdiction. As a result, the law of Oklahoma is to be applied in determining the substantive rights of the parties to the action. Erie Railroad v. Tompkins, 304 U.S. 64, 78 (1938). The common law system of remedies remains in full force in Oklahoma. Ricks v. Exploration Company, 695 P.2d 498, 504 (Okla. 1984). Unless a statute expressly creates a remedy not existent at common law none will be found to exist. Id.

Oklahoma has two statutory provisions which have been previously interpreted to allow direct actions against an insurer of a motor carrier. 47 O.S.A. Sec. 169 applies to motor carriers

of household goods or used emigrant moveables and provides that no
certificate or permit shall be issued by the Oklahoma Corporation
Commission ("OCC") until after such motor carrier files with the
OCC a liability insurance policy or bond covering public liability
and property damage.  The provisions found in 47 O.S.A. Sec. 169
(c), pertaining to proof of liability insurance filing with the
OCC as a prerequisite to issuance of a certificate, apply only to
carriers whose principal place of business is in Oklahoma.  It is
undisputed New Prime, Inc.'s principal place of business is in
Springfield, Missouri.  Thus, the court finds this provision is
not applicable in the case at bar.

The Oklahoma Motor Carriers Act has permitted a direct action
against the insurer of a motor carrier who has registered and
filed a certificate of insurance with the("OCC").  47 O.S.A.
230.21, et. seq., also known as the Motor Carriers Act of 1995.
The provisions of 47 O.S.A. Sec. 230.30 apply to motor carriers
who are issued a license by the OCC under the Motor Carriers Act
of 1995, 47 O.S.A. Sec. 230.21 et. seq.  Obtaining a license
"means the license (was) issued under authority of the laws of the
State of Oklahoma to motor carriers and private carriers."  To
bring a direct action against an insurer under the Oklahoma Motor
Carriers Act, a plaintiff must allege and prove that (1) he
suffered injury, (2) the injury occurred by the operation of a
motor carrier, and (3) the motor carrier was required to be and in
fact was insured pursuant to 47 O.S.A. Sec. 230.30.  47 O.S.A.
Sec. 230.30 and Mize v. Liberty Mutual Insurance Company, 393 F.
Supp. 2d 1223 (W.D. Okla. 2005).

Defendant argues because it is registered with the state of
Missouri as an interstate motor carrier and not registered with
the State of Oklahoma, it did not operate pursuant to an Oklahoma

motor carrier license.  As a result, it was not required to file an insurance policy with the OCC.  Defendant argues that under the federal Single State Motor Carrier Registration Act, the motor carrier registers in the state of their principal place of business. Under the single state registration system this license permits the motor carrier to operate vehicles in numerous states, including Oklahoma.  See 49 C.F.R. Sec. 367.4 and 49 U.S.C. Sec. 14504.  Defendant contends New Prime, Inc. operated as an interstate carrier subject to regulations promulgated by the Federal Motor Carrier Safety Administration and the Department of Transportation, and not under any license issued by the OCC.  As such, defendant contends that New Prime, Inc. has the authority, if desired, to operate in Oklahoma pursuant to the single state registration filed in the State of Missouri, its principal place of business.  The Single State Registration Act does not require that a motor carrier registered in another state also register with the State of Oklahoma.  The Single State Registration Act provides that only a state acting in its capacity as a registration state under the single state system may require a motor carrier to file proof of insurance. 49 U.S.C. Sec. 14504 (C)(2)(a).

     Plaintiff argues the issue before the court is whether the Motor Carrier Act of 1995 requires New Prime, Inc. to carry insurance.  Plaintiff argues the Motor Carrier Act of 1995 applies to any carrier.  Thus, since defendant has admitted it was a motor carrier in the State of Oklahoma it is subject to the act and is subject to a direct cause of action.  Plaintiff also argues that 49 U.S.C. Sec. 14504, the single state registration system, does not eliminate the Oklahoma requirements imposed by 47 O.S.A. Sec. 230.30 but rather it fulfills it.  Plaintiff contends that under 49 U.S.C. Sec. 14504 New Prime, Inc. obtained a license in

5

Oklahoma pursuant to the Motor Carrier Act of 1995 by its actions in Missouri. Plaintiff contends this is confirmed by the Missouri IRP Apportioned Cab Card on the New Prime, Inc. vehicle which was involved in the accident and is the subject of this lawsuit. The Cab Card provides that this vehicle "has been proportionally registered between the State of Missouri and other jurisdictions shown below". One of those jurisdictions is Oklahoma. Plaintiff concludes as such in accordance with 47 O.S. A. Sec. 230.30 and Mize, New Prime, Inc. was required to be insured and, in fact, was insured under Oklahoma law. Thus, defendant is amenable to a direct action in Oklahoma.

Plaintiff's argument that by registering in Missouri, New Prime, Inc. has satisfied the requirements imposed in Oklahoma under 47 O.S.A. Sec. 230.30 is unpersuasive. The only support for this argument is found in Mize v. Liberty Mutual Insurance Company, 303 F. Supp. 2d 1223 (W.D. Okla. 2005) which this court finds has limited value. It appears to have been decided on a very limited set of facts. The issue presented in Mize related to weight restrictions and did not address the larger question of whether insurers of motor carriers operating in the State of Oklahoma are subject to direct actions in Oklahoma.

The court finds that since the defendant motor carrier did not obtain an Oklahoma license from the Oklahoma Corporation Commissioner pursuant to 47 O.S.A. Sec. 230.23 (3) and did not file with the Oklahoma Corporation Commissioner a liability insurance policy or bond covering public liability and property damage pursuant to 47 O.S.A. Sec. 230.30 (A), Section 230.30 is inapplicable to the insurer. Further, a direct action against the insurer is not authorized by federal law. 49 C.F.R. Sec. 387.15. Furthermore, under the standard Form MCS-90 which is required of

motor carriers' insurers, an insurer agrees to pay any final judgment recovered against the insured motor carrier for public liability resulting from negligence in the operation of a motor vehicle. Since there is no judgment in favor of the plaintiff and against the defendant motor carrier, the plaintiff may not recover directly from the defendant Liberty Mutual Insurance Company.

Accordingly, defendant Liberty Mutual Fire Insurance Company is hereby granted summary judgment.

**Dated this 1st Day of May 2007.**

Frank H. Seay
United States District Judge
Eastern District of Oklahoma